IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESTERN SURETY COMPANY, a South Dakota corporation<br><br>Plaintiff<br><br>vs.<br><br>COMMERCIAL COATINGS CORP., a Utah corporation; JEFFREY M. HANSEN, an individual; SUZANNE HANSEN, an individual; DOES I through X, and ROE CORPORATIONS, I through X<br><br>Defendants | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br><br>Case No. 1:20-cv-04<br><br>Judge Clark Waddoups |

Before the court is Plaintiff Western Surety Company's (Western) Motion for Entry of Default Judgment, (ECF No. 31). The court, having considered the Motion and accompanying arguments, and being fully advised, hereby GRANTS the motion.

<u>Factual Background</u>

1. On or about October 20, 2016, Western, as Surety, issued Subcontract Performance Bond and Subcontract Labor and Material Payment Bond, Bond No. 71823318 (the Bond) on behalf of Commercial Coatings Corp. (Commercial Coatings), as principal, in the amount of $117,461.00, in favor of ESI Contractors & Construction Managers also known as Engineered Structures, Inc. (Engineered Structures) for the project known as Maverik 557 – Cheyenne, WY (the Project). (ECF No. 19 at 3.)

2. In consideration of Western issuing the Bond, Commercial Coatings, Jeffrey M. Hansen and Suzanne Hansen, (collectively referred to as the Default Defendants) executed a General Indemnity Agreement (Indemnity Agreement) in favor of

Western. (ECF No. 19 at 3.)

3. The Indemnity Agreement required the Default Defendants to indemnify and keep

   indemnified Western, in part, from all liability under the Bond. (ECF No. 19 at 4.)

   a. The Indemnity Agreement provided that the Default Defendants "[A]gree . . .

      [t]o Indemnify, and save harmless Surety from and against any and all Loss

      hereunder which the Surety may pay or incur." (*See* ECF No. 19-1 at 2.)

4. Engineered Structures submitted a claim against the Bond for alleged faulty stone

   work performed by Commercial Coatings which required work. (ECF No. 19 at 3.)

5. Western paid Engineered Structures the amount of $78,309.94 in settlement of

   Engineered Structure's claim. (ECF No. 19 at 3.)

   a. On November 6, 2017, Western sent Engineered Structures a letter with a

      Release and Assignment for the amount of $78,034.94. On November 15,

      2017, Engineered Structures executed the Release and Assignment and mailed

      it to Western on November 28, 2017. (ECF No. 31 at 7; *see also* ECF No. 31-

      10 at 2 ("Enclosed is the Original Release and Assignment in the amount of

      $78,034.94 against Bond No. 71823318 with Commercial Coatings Corp.").)

6. "Western has repeatedly demanded that the Default Defendants meet their obligations

   under the . . . Indemnity Agreement and reimburse Western for payments made to

   [Engineered Structures] incurred by Western. Default Defendants have refused to

   indemnify Western and continue to do so." (Mraz Decl. ¶ 19, ECF No. 31-6 at 6.)

<u>Procedural History</u>

Western filed its first Complaint on January 13, 2020. (ECF No. 2.) Western did not

allege Commercial Coatings' principal place of business. (*See* ECF No. 2 at 2.) On September 1,

2020, Western moved for entry of default judgment. On September 18, 2020, the court entered an order to show cause holding that Western had not "properly pleaded diversity jurisdiction because it has not alleged Defendant Commercial Coatings Corporation's principal place of business." (ECF No. 18 at 2.)

On October 1, 2020, Western filed an Amended Complaint, containing three causes of action: contractual indemnity, equitable indemnity, and breach of contract. (ECF No. 19.) Western alleged "that Defendant Commercial Coatings Corp., is a corporation under the laws of Utah with its principal place of business in the State of Utah." (ECF No. 19 at 2.) Western personally served Commercial Coatings, Jeffrey M. Hansen, and Suzanne Hansen with the Amended Complaint on October 4, 2020. (ECF Nos. 24–26.)

Western also filed a response to the court's order to show cause, conceding that its September 1, 2020 Motion for Entry of Default Judgment "should be denied without prejudice." (ECF No. 20.) On October 9, 2020, the court denied, without prejudice, Western's September 1, 2020 Motion for Entry of Default Judgment.

On December 4, 2020, Western filed its Motion for Entry of Clerk's Default. (ECF No. 28.) On December 7, 2020, the Clerk of Court entered a default certificate against Commercial Coatings, Jeffrey M. Hansen, and Suzanne Hansen. (ECF No. 30.) On January 29, 2021, Western filed its Motion for Entry of Default Judgment Against Defendants Commercial Coatings, Jeffrey M. Hansen, and Suzanne Hansen. (ECF No. 31.) Western argued that it "is entitled to a default judgment against the Default Defendants on the First Cause of Action (Contractual Indemnity)." (ECF No. 31 at 11.)

<u>Analysis</u>

"Decisions to enter judgment by default are committed to the district court's sound discretion . . . ." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003). "A defendant who fails to ... defend an action is deemed to have admitted the well-pleaded factual allegations of the complaint as true." *Lopez v. Highmark Constr., LLP*, No. 17–CV–01068–CMA–MLC, 2018 WL 1535506, at *2 (D. Colo. Mar. 29, 2018) (citations omitted); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact ....") (internal quotation marks omitted).) In order for a district court to enter default judgment, "there must be a sufficient basis in the pleadings" "constitut[ing] a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

But before a court considers the merits of the plaintiff's claims, it must first consider both personal and subject matter jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.").

<u>Subject Matter Jurisdiction</u>

After reviewing the Amended Complaint, the court is satisfied that it has original jurisdiction under 28 U.S.C. § 1332 because there exists complete diversity of citizenship

between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Personal Jurisdiction

The court has personal jurisdiction over the Default Defendants because each Defendant is a citizen of Utah. (*See* ECF No. 19 at 2.)

First Cause of Action

The court, having established jurisdiction, now addresses whether Western's allegations contain sufficient factual matter, accepted as true, to state a claim for "contractual indemnity." Western appears to argue that Utah law governs this issue. (*See* ECF No. 31 at 13–14.) The court accepts that Utah law governs.

"Courts have upheld general indemnity agreements in favor of sureties." *Travelers Cas. & Sur. Co. of Am. v. CraCar Constr. Co.*, No. 2:17CV100 DS, 2018 WL 3873678, at *3 (D. Utah Aug. 15, 2018). An indemnity agreement "is a contract, enforceable under Utah law, against those persons who are a party to the agreement." *Int'l Fid. Ins. Co. v. La Porte Constr., Inc.*, No. 216CV00032JNPEJF, 2019 WL 575886, at *4 (D. Utah Feb. 12, 2019). "'The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.'" *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230–31 (Utah 2014).

Jeffrey Hansen and Suzanne Hansen signed the General Indemnity Agreement on August 31, 2016. A contract exists. Western performed under the contract when they paid Engineered Structures the amount of $78,309.94 in settlement of Engineered Structure's claim. The Default Defendants were obligated under the Indemnity Agreement to reimburse Western. They did not. Default Defendants breached the contract. Western sustained damages when they paid

5

Engineered Structures and were not reimbursed. Accepting the factual allegations of the

Amended Complaint as true, the court finds "that the Indemnity Agreement is a valid,

enforceable agreement and that" Western is entitled to default judgment against the defendant

indemnitors. *C.f., Developers Sur. & Indem. Co. v. Network Elec., Inc.*, No. 2:12-CV-289-TC,

2014 WL 3640748, at *3 (D. Utah July 23, 2014).

Pre-Judgment Interest

Western argues that it is entitled to a prejudgment interest rate of ten percent per annum.

(*See* ECF No. 31 at 15.) "'A federal court sitting in diversity applies state law, not federal law,

regarding the issue of prejudgment interest.'" *Loughridge v. Chiles Power Supply Co.*, 431 F.3d

1268, 1288 (10th Cir. 2005).

To support its position, Western relies on the current version of Utah Code Ann. § 15-1-

1. The current version of that statute provides, in relevant part: "Unless the parties to a lawful

written . . . contract expressly specify a different rate of interest, the legal rate of interest for . . . a

claim for breach of contract is 10% per annum." Utah Code Ann. § 15-1-1(2). Section 15-1-1

was amended by the Utah legislature in 2019. *See Charles W. v. Regence BlueCross BlueShield

of Oregon*, No. 2:17-CV-00824-TC, 2019 WL 6220060, at *1 (D. Utah Nov. 21, 2019); 2019

Utah Laws Ch. 437. But the General Indemnity Agreement was executed on August 31, 2016.

Western has provided no argument that Utah Code Ann. § 15-1-1(2) applies retroactively.

"It is well established that 'the courts of [Utah] operate under a statutory bar against the

retroactive application of newly codified laws' and therefore 'parties' substantive rights and

liabilities are determined by the law in place at the time when a cause of action arises.'"

*Waddoups v. Noorda*, 321 P.3d 1108, 1111 (Utah 2013) (citation omitted). That statutory bar

provides that "[a] provision of the Utah Code is not retroactive, unless the provision is expressly

6

declared to be retroactive." Utah Code Ann. § 68-3-3. Section 15-1-1 does not indicate that it applies retroactively. Thus, the court applies the previous version of Section 15-1-1. The previous version of the statute provided that "[u]nless parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods, or chose in action shall be 10% annum." Utah Code Ann. § 15-1-1(2) (2016). A "chose in action" is "[t]he right to bring an action to recover a debt, money, or thing." Black's Law Dictionary (11th ed. 2019). The Indemnity Agreement grants Western the right to bring an action to recover the money owed to it. Therefore, Western is entitled to a prejudgment interest rate of 10% per annum under the previous version of Utah Code Ann. § 15-1-1(2).

Western argues that its "damages should be considered complete on November 28, 2017 when [Engineered Structures] sent the release to Western in exchange for $78,034.94." (ECF No. 31 at 15.) Western argues that, as of January 4, 2021, Default Defendants owed $24,212.21 in prejudgment interest. Their calculation is well supported. Forty-five days have passed since January 4, 2021. Accepting Western's daily interest rate of $21.37, the court adds $961.65 in prejudgment interest. Thus, as of February 19, 2021, Default Defendants owe $25,173.86 in prejudgment interest.

Post-Judgment Interest

Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961(a).

Attorney's Fees

"As a general rule, trial courts are without authority to award attorney's fees unless the right exists by contract or statute." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1091 (10th Cir. 1980). Western argues that "[i]n executing the [Indemnity Agreement], the Default Defendants agreed to 'exonerate, indemnify, keep indemnified,

7

reimburse and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses of any kind.'" (ECF No. 31 (quoting ECF No. 31-3)). Western is therefore entitled to attorney's fees. Western's exhibit in support of its motion for fees is well supported.  The court awards Western $6,875.90 in fees and costs.

Conclusion

| | |
|---|---|
| Payment to Engineered Structures: | $78,034.94 |
| Attorney's Fees and Costs: | $6,875.90 |
| Prejudgment Interest: | $25,173.86 |
| Total: | $110,084.70 |

Order

**IT IS ORDERED** that

1.      Default Judgment in the amount of $110,084.70 is entered against Commercial Coatings Corporation, Jeffrey M. Hansen, and Suzanne Hansen.

2.      Post-judgment interest will accrue at the rate dictated by 28 U.S.C. § 1961(a).

DATED this 19th day of February, 2021.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Court Judge